# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>    Petitioner,<br><br>    v.<br><br>GALVIN NEWSOME, et al.,<br><br>    Respondents. | Case No. 1:25-cv-00085-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On January 21, 2025, Petitioner filed the instant federal petition for writ of habeas corpus wherein Petitioner challenges various conditions of confinement and alleges that he has been subject to retaliation, sexual harassment and assault, cruel and unusual punishment, and deliberate indifference to various medical issues. (ECF No. 1.) Petitioner also filed a motion for preliminary injunction and temporary restraining order. (ECF No. 3.)

///

///

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles, 830 F.3d at 934 (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

Here, Petitioner challenges his conditions of confinement, and the Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, Petitioner's claims are not cognizable in federal habeas corpus and the petition should be dismissed. Further, Petitioner's motion for preliminary injunction and temporary restraining order should be denied. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24, 20 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right" and a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits[.]").

### B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claim, the Court finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. The Court notes that Petitioner is subject to the three strikes bar of 28 U.S.C. § 1915,[1] and it appears that Petitioner may have filed the instant habeas petition in an attempt to circumvent the three strikes bar. This conclusion, however, does not preclude Petitioner from pursuing his claim in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

### III.

### RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and Petitioner's motion for preliminary injunction and temporary restraining order be DENIED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[1] Order, Kelly v. Newsome, No. 1:24-cv-01063-JLT-SKO (E.D. Cal. Oct. 16, 2024), ECF No. 8. The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 18, 2025**

STANLEY A. BOONE
United States Magistrate Judge